[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The file in this case reveals it is a paternity action. The return day was January 10, 1995. At trial, the defendant CT Page 8523 testified that he decided not to dispute paternity after getting the blood test results the month before the return day. Therefore, the only unresolved matter was the not too complicated issue of the amount of support required from the defendant.
Approximately three years and TWO HUNDRED THOUSAND DOLLARS in legal fees later, the parties had their day in court. The court finds this use of time, resources and money, considering the issue involved, is outrageous. The money expended for litigation could have furnished the support of the child involved for her entire minority or at least provided her with a Harvard education.
The court finds that the defendant is the father of the minor child, Caroline Kelly, born to the plaintiff on October 5, 1994.
The following orders may enter:
(1) A Connecticut Child Support Guidelines worksheet was presented to the court based on an annual income attributed to the defendant in the amount of $20,000. This sum represents income earned through investments. Using that income, the defendant's contribution for child support would be $96 per week.
Both parties agree that figure would be inequitable, and a deviation from the guidelines is appropriate. The court concurs.
The court finds that a deviation is proper for the following reasons:
A. The court is not convinced the defendant's income is only $20,000 per year, based on his life style;
B. The defendant has a pattern of receiving gifts and/or loans on a regular basis over recent years that may be considered as a source of funds for his use;
C. The defendant has elected not to seek employment. The court finds he has an earning capacity of at least $100,000 per year.
The defendant averaged $150,000 of income per year while employed at Bernan Foods. The court will accept defendant's explanation that he was overpaid because of the purpose of his CT Page 8524 employment, to help sell that business, and therefore, his job could have a short duration. However, an indication of the value of the defendant's services was the amount he contracted to receive as a consultant to Wilton Foods, purchaser of Bernan Foods. That amount was $10,000 per month.
Also, the defendant's educational credentials and business experiences are impressive. With some serious efforts, he could obtain employment.
D. The plaintiff has the sole responsibility of raising her daughter and working full time at her law practice. Therefore, the child care expenses are substantial.
Based on the needs of the child and the respective financial abilities of her parents, the defendant is ordered to contribute the sum of twelve hundred ($1,200) dollars, per month for the support of his daughter. Future payments shall commence on October 1, 1997 and continue on the first day of each month thereafter, in advance, until the child reaches age 18.
(2) For as long as the defendant is obligated to provide support for his daughter, he shall maintain $200,000 of term life insurance for her benefit. The defendant shall annually provide the plaintiff with proof of such coverage.
(3) Commencing October 1, 1997, in addition to his child support payments, the defendant shall be responsible for one-half of the medical insurance premiums and one-half of the unreimbursed and uninsured medical and dental expenses of the minor child. Any dental elective treatment shall not be incurred without the defendant's consent, which shall not be unreasonably withheld.
A. The current premium for the child's medical insurance is $55.96 per month. The defendant shall pay $28 per month to the defendant. The plaintiff shall advise the defendant whenever any changes in premium occur, and the defendant shall adjust his payments accordingly.
B. The defendant shall pay his share of unreimbursed or uninsured medical expenses of the child to the plaintiff within thirty days after presentation of the bills by the plaintiff.
(4) The defendant's obligations for the minor child, Caroline, became effective at her birth, October 5, 1994. For the period of CT Page 8525 October, 1994 through September, 1997, the defendant shall make the following payments to the plaintiff:
A. Support
 36 months at $1,200 per month — $43,200 Less Payments made $14,300 --------- Balance due $28,900
 B. Lying in Expenses $2,477
 C. Medical Expenses — $3,263 50% thereof $1,632 -------- Total retroactive obligations $33,009
Payments shall be made immediately from the escrow funds held by Attorney O'Connor, or from any other sources available to the defendant, at his option.
(5) Section 46b-171 of the Connecticut General Statutes provides that the plaintiff may be awarded reasonable attorney's fees. In this case, the court notes that the defendant has incurred legal fees of $135,000.
The defendant shall pay the plaintiff the sum of $78,798 for her attorney's fees and costs. Payment shall be made immediately from the escrow funds held by Attorney O'Connor, or any other source of funds available to the defendant, at his option.
(6) The court has concluded that the defendant should be compelled to provide security to assure his performing his court ordered obligations. This conclusion has been reached based on the following evidence.
A. The defendant admitted he ceased disputing paternity in December, 1994. However, between December, 1994 and February, 1996, he contributed the total sum of $1,000 for child support.
B. Since December, 1994, the defendant made no contributions for lying in expenses or medical expenses of the child. During this period, the defendant lived a lavish life style and apparently had other priorities for use of his money. This behavior indicates an indifference as to the defendant's CT Page 8526 responsibility to the child of this relationship.
C. The defendant has not seriously sought employment in the last two years. This attitude raises questions as to his future ability to meet his obligations.
D. The substantial depletion of the defendant's assets over the past two years lends credence to the plaintiff's concerns about her ability to enforce any orders of support in the future.
The following orders may enter:
a. The defendant shall place in an interest bearing account, acceptable to the plaintiff, the sum of One Hundred Thousand ($100,000) Dollars as security for the defendant's payments of the support orders entered in this judgment. The defendant shall execute all documents required to give the plaintiff a lien against the account. The court reserves jurisdiction to resolve any disputes concerning the establishment of this account and the manner in which the plaintiff's lien is perfected.
b. All interest earned on this account shall accumulate and be held as additional security.
c. When all of the defendant's obligations to furnish support terminate, the plaintiff shall execute a release of her lien.
d. The court shall review the security account on a periodic basis of every three years, or sooner upon good cause shown by either party. The purpose of such review shall be to determine the necessity for continuing the account and whether there should be an adjustment in the amount held as security.
7. There is currently an escrow account held by attorney O'Connor. After the required payments to the plaintiff and the posting of security have been made, pursuant to paragraphs 4, 5 and 6 of this judgment, the remaining balance in the account shall be paid over to the defendant.
8. In the event an appeal of this judgment is taken by either party, the existing order as to the escrow account held by attorney O'Connor, shall remain in effect pending the appeal. CT Page 8527
Judgment may enter accordingly.
NOVACK, J.